UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Susan Lloyd, | ) | CASE NO. 5:17 CV 2694 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| Judge Becky Doherty, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | (Resolving Docs. 2, 5, 11) |

**Background**

Plaintiff Susan Lloyd has filed this *pro se* action against Portage County Court of Common Pleas Judge Becky Doherty, Magistrate Natasha Natale, and Court Reporter Kelley Hershberger. (Doc. No. 1.) Defendants filed a motion to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 11.) After consideration of the law and argument presented, the motion to dismiss is GRANTED. Further, Plaintiff filed a motion to proceed *in forma pauperis* but later paid the filing fee. (Doc. No. 2.) She then filed a motion to withdraw her request to proceed *in forma pauperis*. (Doc. No. 5.) Said motion to withdraw is hereby GRANTED.

In her Complaint, the Plaintiff alleges conduct taken by the Defendants during the course of two civil actions she filed against her neighbor, Joshua Thornsbery, in the Portage County Court

of Common Pleas. She filed a damages action for trespass and nuisance against Mr. Thornsbery in Case 2016 CV 00230, and she filed an action seeking a civil stalking order in Case 2017 CV 00390. The Plaintiff has filed appeals in both of those cases, which are pending in the state court of appeals.

In the underlying Complaint, the Plaintiff alleges Judge Doherty and Magistrate Natale "made decisions in back rooms" and were biased and prejudiced against her in the Portage County cases. (Doc. No. 1 at ¶ 35.) Plaintiff alleges that Judge Doherty and Magistrate Natale required her to "redo" her complaint (after she initially filed a pleading that exceeded 200 pages), refused to allow Facebook posts to be used during trial, refused to rule on her motions or recuse themselves, scheduled hearings that were subsequently cancelled, ordered her to take down security cameras facing Mr. Thornsbery's yard, and refused to credit evidence allegedly favorable to her. Additionally, she complains Judge Doherty "verbally assaulted" her while she was in the courthouse waiting to pay for a transcript and wrongfully speculated that she may be mentally ill. She alleges that Defendant Hershberger altered a transcript to exclude a statement made by Judge Doherty, where she alleged that Plaintiff was abusing the court system. (*Id*. at ¶¶ 14, 15.)

Plaintiff asserts four claims for relief: 1) the Defendants violated her constitutional rights under the First and Fourteenth Amendments because Plaintiff posted comments on the court Facebook page alleging that state proceedings were being deleted and she was then blocked from the page; 2) the Defendants violated her rights under the Fifth, Eighth, and Ninth Amendments by their alleged unfair and biased treatment of her during the Portage County proceedings; 3) Judge Doherty and Magistrate Natale violated her rights under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Rehabilitation Act") because they refused to

allow her to bring a service dog into the courtroom; and 4) Judge Doherty committed fraud because the Judge "advertises in multiple places that she runs a 'drug' court" but in Plaintiff's cases, Judge Doherty allegedly ignored "hard core evidence of illegal drug use" by Mr. Thornsbery. (*Id*. at ¶ 56, Claim 4). The Plaintiff seeks compensatory and punitive damages, a declaration that the Defendants have violated federal law, an order that Defendants be recused from Case 2016 CV 00230 and that the case be transferred out of Portage County, and an order that her "freedom of speech to portage county courthouse Facebook page" be restored and that the Defendants be prevented from "further retaliation and defamation" against her. (*Id*., Prayer for Relief.)

The Defendants filed a motion to dismiss all of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 11.) The Plaintiff responded to the motion, and it has now been fully briefed. For the reasons stated below, the Defendants' motion is GRANTED, and this action is DISMISSED.

**Standard of Review**

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state a claim upon which relief can be granted. To survive a dismissal under the Rule, a complaint "must present 'enough facts to state a claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks omitted). Although pleadings and documents filed by *pro se* litigants are

"liberally construed" and held to less stringent standards than formal pleadings drafted by lawyers, *pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

**Analysis**

Giving the all the pleadings appropriate deference, Plaintiff's Complaint must be dismissed in its entirety. Fed. R. Civ. P. 12(b)(6).

First, Plaintiff's Claims 2 and 3 do state claims for which this Court may grant relief. To the extent that the Plaintiff alleges Defendants have violated her civil rights by their conduct or rulings made during the proceedings, the doctrine of abstention prohibits this Court from hearing her claims. Under *Younger v. Harris*, 401 U.S. 37 (1971) and *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987), federal courts must abstain from hearing challenges to pending state proceedings where the state's interest is so important that exercising federal jurisdiction would disrupt the comity between federal and state courts. Abstention is warranted where there exists: (1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Gorenc v. City of Westland*, 72 F. App'x 336, 338 (6th Cir. 2003).

Abstention is warranted under these factors because Plaintiff's underlying state court case implicates important state interests, and there is no reasonable suggestion in her pleadings that she lacks an adequate opportunity to raise her constitutional concerns in the state courts through procedures available to her. This Court will not interfere with pending state civil matters.

In addition, to the extent the Plaintiff is asking this Court to overturn or reverse any specific ruling or order entered by the Portage County Court of Common Pleas, including Claims 2 and 3, her claims are barred by the *Rooker-Feldman* doctrine, which prohibits federal courts from sitting in direct review of state court judgments. *See Carter v. Burns*, 524 F.3d 796, 798 (6th Cir. 2008) ("The *Rooker–Feldman* doctrine denies federal jurisdiction to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments'") (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

As the Sixth Circuit stated in *Agg v. Flanagan*, 855 F.2d 336, 339 (6th Cir. 1988):

> An incorrect decision by the Ohio court does not constitute a deprivation of due process of law that the federal courts must redress. The proper course to correct a mistake is by appeal. It is only the claim that Ohio's procedures do not allow a vindication of plaintiffs' rights that states a cognizable due process violation [in federal court].

There is no reasonable suggestion in the Plaintiff's pleadings that Ohio lacks procedures to address her concerns. Accordingly, the proper course is for her to raise the concerns in the Ohio courts through state procedures available to her. This Court lacks authority to hear her claims.

Furthermore, the Court finds the Plaintiff has not alleged any plausible claims to the extent she seeks damages under 42 U.S.C. § 1983. It is well-established that judges and other judicial employees enjoy absolute immunity from suits pertaining to the performance of their judicial and quasi-judicial duties. *Wappler v. Carniak*, 24 F. App'x 294, 295-96 (6th Cir. 2001). The conduct of Judge Doherty and Magistrate Natale of which the Plaintiff complains in Claims 2 and 3 falls within the scope of their official judicial or quasi-judicial duties for which they are absolutely immune from suit. *See Cooper v. Rapp*, 702 F. App'x 328 (6th Cir. 2017) (state-court judge entitled

to absolute judicial immunity in § 1983 action brought by state-court litigant and attorney alleging that judge violated their constitutional rights in granting summary judgment and imposing sanctions against them).

The only apparent conduct she alleges against Defendant Hershberger is that Hershberger altered a transcript to exclude a statement made by Judge Doherty that the Plaintiff was abusing the court system. This conduct alone, however, is insufficient to state a cognizable constitutional violation. *See, e.g., Harmon v. Franklin Court Reporters*, Case No. 3: 15 CV 758, 2015 WL 4917068, at *2 (M.D. Tenn. Aug. 15, 2015) (a plaintiff does "not enjoy a constitutional right . . . not to be portrayed in a negative light. There is also no constitutional right to a perfectly accurate transcript.").

The Plaintiff has also failed to allege a plausible constitutional claim under the First Amendment in Claim 1. First, as the Defendants correctly assert, the Plaintiff has not alleged facts plausibly suggesting that any of them were personally involved with the Portage County Courthouse's Facebook page, or that any of them had any involvement whatsoever in deleting comments she posted on the site or in blocking her from the page. The Sixth Circuit Court of Appeals has consistently held that claims under § 1983 "cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what each defendant did to violate the asserted right." *Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002); *see also Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) ("damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what

each defendant did . . . "). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Second, a government "may police the boundaries of a limited public forum it has created" through a social a media website such as Facebook without violating the First Amendment. *See Davison v. Plowman*, 247 F. Supp.3d 767, 776 (E.D. Va. 2017). Speech that falls outside of "the bounds of the designated forum" may be restricted or blocked if the restriction imposed is viewpoint neutral and reasonably related to the purpose of the forum. *See id.* at 776-77. The Plaintiff's allegations as to the comments she posted on the Portage County Courthouse Facebook page are simply too unclear and conclusory for the Court to conclude she might have any plausible First Amendment claim in connection with the restrictions imposed on her.

Finally, the Plaintiff has not alleged a plausible state-law claim for fraud against Judge Doherty. The Plaintiff's allegations do not reasonably suggest the elements of common-law fraud, What is more, Judge Doherty is entitled to absolute immunity under Ohio Rev. Code 2744.03. *See Easterling v. Brogan*, No. 24902, 2012 WL 1484511 (Ohio Ct. App. 2d Dist. April 27, 2012).

## Conclusion

For all the reasons stated above, the Plaintiff's Complaint fails to state a claim for which relief may be granted, and the Defendants' Motion to Dismiss the Complaint pursuant to Fed. R.

Civ. P. 12(b)(6) is granted. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


Date: May 23, 2018                                                   */s/ John R. Adams*
                                                                     JOHN R. ADAMS
                                                                     UNITED STATES DISTRICT JUDGE